**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**UNITED STATES OF AMERICA,**
*ex rel.* **BEAU MICHAUD,**

          **Plaintiff,**

**v.**

**NORTHROP GRUMMAN SYSTEMS
CORP.,** *et al.,*

          **Defendants.**

**Case No. 1:11-CV-00606-TSE-TRJ**

---

## DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, Defendant Northrop Grumman Systems Corporation ("NGSC"), by counsel, timely files this Answer to Plaintiff's Second Amended Complaint, and hereby admits and denies as follows:

### ANSWER TO SECOND AMENDED COMPLAINT

The allegations in the unnumbered paragraph immediately preceding paragraph 1 constitute conclusions of law and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

1.    NGSC admits that it entered into a contract with the U.S. Postal Service ("the Postal Service") in February 2007 to support the Flats Sequencing System ("FSS") program. Furthermore, NGSC admits that it contracted with Motor Drives & Controls, Inc. ("MDCI") to provide the Integrated Tray Converter ("ITC") for use in connection with the FSS program. NGSC otherwise denies the allegations in paragraph 1.

2.    NGSC admits that FSS machines are designed to automate the sorting of certain types of mail; NGSC otherwise denies the allegations in paragraph 2.

3.      NGSC denies the allegations in paragraph 3.

4.      NGSC denies the allegations in paragraph 4.

5.      NGSC denies the allegations in paragraph 5.

6.      NGSC denies the allegations in paragraph 6.

7.      NGSC denies the allegations in paragraph 7.

8.      The allegations in paragraph 8 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

9.      The allegations in paragraph 9 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

10.     The allegations in paragraph 10 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

11.     NGSC denies the allegations in paragraph 11.

12.     NGSC denies the allegations in paragraph 12.

13.     The allegations in paragraph 13 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

14.     NGSC denies the allegations in paragraph 14 for lack of knowledge or information

sufficient to form a belief as to their truth.

15.     NGSC denies the allegations in paragraph 15.

16.     NGSC denies the allegations in paragraph 16.

17.   NGSC denies the allegations in the first sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations in the second sentence of paragraph 17 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. NGSC admits the allegations in the third sentence of paragraph 17 that the Plaintiff worked as a subcontractor for, and was also an employee of, NGSC, but NGSC otherwise denies the allegations of the third sentence of paragraph 17. NGSC denies the remaining allegations in paragraph 17.

18.   NGSC denies the allegations in paragraph 18.

19.   NGSC denies the allegations in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20.   The allegations in paragraph 20 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21.   The allegations in paragraph 21 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22.   The allegations in paragraph 22 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23.   The allegations in paragraph 23 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24.     The allegations in paragraph 24 constitute conclusions of law and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

25.     NGSC admits the allegations contained in paragraph 25 to the extent supported by the contract cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 25. Furthermore, paragraph 25 states legal conclusions to which no response is required.

26.     NGSC admits the allegations contained in paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 26. Furthermore, paragraph 26 states legal conclusions to which no response is required.

27.     NGSC admits the allegations contained in paragraph 27 to the extent supported by the contract cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 27. Furthermore, paragraph 27 states legal conclusions to which no response is required.

28.     NGSC admits the allegations contained in paragraph 28 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 28. Furthermore, paragraph 28 states legal conclusions to which no response is required.

29.     NGSC admits the allegations contained in paragraph 29 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 29. Furthermore, paragraph 29 states legal conclusions to which no response is required.

30.     NGSC admits the allegations contained in paragraph 30 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 30. Furthermore, the first three sentences of paragraph 30 state legal conclusions to which no response is required. NGSC denies the allegations in the fourth sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31.     The allegations in the first sentence of paragraph 31 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. NGSC admits the allegations in the second sentence of paragraph 31 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in the second sentence of paragraph 31.

32.     NGSC denies the allegations in paragraph 32.

33.     NGSC admits the allegations contained in the first sentence of paragraph 33 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 33.

34.     NGSC denies the allegations in paragraph 34.

35.     NGSC denies the allegations in paragraph 35.

36.     NGSC denies the allegations in paragraph 36.

37.     NGSC denies the allegations in the first sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth. NGSC denies the allegations in the second and third sentence of paragraph 37.

38.     NGSC denies the allegations in paragraph 38.

39.     NGSC denies the allegations in paragraph 39.

40.     NGSC denies the allegations in paragraph 40.

41.     NGSC denies the allegations in paragraph 41.

42.     NGSC denies the allegations in paragraph 42.

43.     NGSC denies the allegations in paragraph 43.

44.     NGSC denies the allegations in paragraph 44.

45.     NGSC denies the allegations in paragraph 45.

46.     NGSC denies the allegations in paragraph 46.

47.     NGSC denies the allegations in paragraph 47.

48.     NGSC denies the allegations in paragraph 48.

49.     NGSC admits the allegations contained in paragraph 49 to the extent supported by the email cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 49.

50.     NGSC admits the allegations in the first sentence of paragraph 50. NGSC denies the allegations in the second sentence of paragraph 50.

51.     NGSC denies the allegations in paragraph 51.

52.     NGSC denies the allegations in paragraph 52.

53.     NGSC denies the allegations in paragraph 53.

54.     NGSC admits the allegations in the first sentence of paragraph 54. NGSC denies the allegations in the second sentence of paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth. NGSC admits the allegations contained in the third sentence of paragraph 54 to the extent supported by the subcontract cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in the third sentence of paragraph 54.

55.     NGSC denies the allegations in paragraph 55.

56.     NGSC denies the allegations in paragraph 56.

57.     NGSC denies the allegations in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58.     NGSC denies the allegations in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59.     NGSC denies the allegations in paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60.     NGSC denies the allegations in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61.     NGSC denies the allegations in paragraph 61.

62.     NGSC denies the allegations in paragraph 62.

63.     NGSC denies the allegations in paragraph 63.

64.     NGSC denies the allegations in paragraph 64.

65.     NGSC denies the allegations in paragraph 65.

66.     NGSC denies the allegations in paragraph 66.

67.     NGSC denies the allegations in paragraph 67.

68.     NGSC denies the allegations in paragraph 68.

69.     The allegations in paragraph 69 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

70.     NGSC denies the allegations in paragraph 70 for lack of knowledge or information sufficient to form a belief as to their truth.

71.     NGSC admits the allegations contained in paragraph 71 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies

the allegations contained in paragraph 71. The remaining allegations in paragraph in 71 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72.   NGSC denies the allegations in paragraph 72 regarding explicit reference to MDCI for lack of knowledge or information sufficient to form a belief as to their truth; the remaining allegations in paragraph 72 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73.   NGSC denies the allegations in the first sentence of paragraph 73. The allegations in the second sentence in paragraph 73 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74.   NGSC admits the allegations contained in paragraph 74 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 74. Furthermore, paragraph 74 states legal conclusions to which no response is required.

75.   NGSC admits the allegations contained in paragraph 75 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 75. Furthermore, paragraph 75 states legal conclusions to which no response is required.

76.   NGSC denies the allegations in paragraph 76.

77.   NGSC denies the allegations in paragraph 77.

78.   NGSC denies the allegations in paragraph 78.

79.   NGSC denies the allegations in paragraph 79.

80.   NGSC denies the allegations in paragraph 80.

81.   NGSC admits the allegations contained in paragraph 81 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 81. Furthermore, the first sentence of paragraph 81 states legal conclusions to which no response is required.

82.   The allegations in paragraph 82 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83.   The allegations in paragraph 83 constitute conclusions of law and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84.   NGSC denies the allegations in paragraph 84.

85.   NGSC denies the allegations in paragraph 85.

86.   NGSC admits the allegations contained in paragraph 86 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 86.

87.   NGSC denies the allegations in paragraph 87.

88.   NGSC denies the allegations in paragraph 88.

89.   NGSC admits the allegations contained in paragraph 89 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 89.

90.   NGSC denies the allegations in paragraph 90.

91.     NGSC admits the allegations contained in paragraph 91 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 91.

92.     NGSC denies the allegations in paragraph 92.

93.     NGSC admits the allegations contained in paragraph 93 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 93.

94.     NGSC denies the allegations in paragraph 94.

95.     NGSC admits the allegations contained in paragraph 95 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 95.

96.     NGSC denies the allegations in paragraph 96.

97.     NGSC admits the allegations contained in paragraph 97 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 97.

98.     NGSC denies the allegations in paragraph 98.

99.     NGSC admits the allegations contained in paragraph 99 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 99.

100.    NGSC denies the allegations in paragraph 100.

101.    NGSC admits the allegations contained in paragraph 101 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 101.

102.    NGSC denies the allegations in paragraph 102.

103.    NGSC admits the allegations contained in paragraph 103 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 103.

104.    NGSC denies the allegations in paragraph 104.

105.    NGSC admits the allegations contained in paragraph 105 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 105.

106.    NGSC denies the allegations in paragraph 106.

107.    NGSC admits the allegations contained in paragraph 107 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 107.

108.    NGSC denies the allegations in paragraph 108.

109.    NGSC denies the allegations in paragraph 109.

110.    NGSC denies the allegations in paragraph 110.

111.    NGSC denies the allegations in paragraph 111 for lack of knowledge or information sufficient to form a belief as to their truth.

112.    NGSC denies the allegations in paragraph 112.

113.    The allegations in paragraph 113 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

114.    NGSC admits the allegations contained in paragraph 114 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 114. Furthermore, paragraph 114 states legal conclusions to which no response is required.

115.    NGSC denies the allegations in paragraph 115.

116.    NGSC denies the allegations in paragraph 116.

117.    NGSC denies the allegations in paragraph 117.

118.    NGSC denies the allegations in paragraph 118.

119.    NGSC denies the allegations in paragraph 119.

120.    NGSC denies the allegations in paragraph 120.

121.    NGSC admits the allegations contained in paragraph 121 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 121. Furthermore, paragraph 121 states legal conclusions to which no response is required.

122.    NGSC denies the allegations in paragraph 122.

123.    NGSC denies the allegations in paragraph 123.

124.    NGSC admits the allegations contained in paragraph 124 to the extent supported by the contract cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 124. Furthermore, paragraph 124 states legal conclusions to which no response is required.

125.    NGSC denies the allegations in paragraph 125.

126.    NGSC denies the allegations in paragraph 126.

127.    NGSC denies the allegations in paragraph 127.

128.    NGSC denies the allegations in paragraph 128.

129.    NGSC denies the allegations in paragraph 129.

130.    NGSC denies the allegations in paragraph 130.

131.    NGSC denies the allegations in paragraph 131.

132.    NGSC denies the allegations in paragraph 132.

133.   NGSC denies the allegations in paragraph 133.

134.   NGSC denies the allegations in paragraph 134.

135.   NGSC denies the allegations in paragraph 135.

136.   NGSC denies the allegations in paragraph 136.

137.   NGSC admits the allegations contained in paragraph 137 to the extent supported by the documents cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 137.

138.   NGSC denies the allegations in paragraph 138.

139.   NGSC denies the allegations in paragraph 139.

140.   NGSC denies the allegations in paragraph 140.

141.   NGSC denies the allegations in paragraph 141.

142.   NGSC denies the allegations in paragraph 142.

143.   NGSC admits the allegations contained in paragraph 143 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 143. Furthermore, paragraph 143 states legal conclusions to which no response is required.

144.   NGSC denies the allegations in paragraph 144.

145.   NGSC denies the allegations in paragraph 145.

146.   NGSC denies the allegations in paragraph 146.

147.   NGSC denies the allegations in paragraph 147.

148.   NGSC admits the allegations contained in paragraph 148 to the extent supported by the emails cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 148.

149. NGSC admits the allegations contained in paragraph 149 to the extent supported by the emails cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 149.

150. NGSC admits the allegations contained in paragraph 150 to the extent supported by the emails cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 150.

151. NGSC denies the allegations in paragraph 151.

152. NGSC denies the allegations in paragraph 152.

153. NGSC denies the allegations in paragraph 153.

154. NGSC denies the allegations in paragraph 154.

155. NGSC denies the allegations in paragraph 155.

156. NGSC denies the allegations in paragraph 156.

157. NGSC denies the allegations in paragraph 157.

158. NGSC denies the allegations in paragraph 158.

159. NGSC denies the allegations in paragraph 159.

160. NGSC admits the allegations contained in paragraph 160 to the extent supported by the contract cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 160.

161. NGSC denies the allegations in paragraph 161.

162. NGSC admits the allegations contained in paragraph 162 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 162.

163.   NGSC admits the allegations contained in paragraph 163 to the extent supported by the statement of work cited, which is the best evidence of its contents; NGSC otherwise denies the allegations contained in paragraph 163.

164.   The allegations in paragraph 164 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

165.   NGSC denies the allegations in paragraph 165.

166.   NGSC denies the allegations in paragraph 166.

167.   NGSC denies the allegations in paragraph 167 for lack of knowledge or information sufficient to form a belief as to their truth.

168.   NGSC denies the allegations in paragraph 168 for lack of knowledge or information sufficient to form a belief as to their truth.

169.   NGSC denies the allegations in paragraph 169.

170.   NGSC denies the allegations in paragraph 170.

171.   NGSC denies the allegations in paragraph 171.

172.   NGSC denies the allegations in paragraph 172.

173.   NGSC denies the allegations in paragraph 173.

174.   NGSC denies the allegations in paragraph 174.

175.   NGSC denies the allegations in paragraph 175.

176.   NGSC denies the allegations in paragraph 176.

177.   NGSC denies the allegations in paragraph 177.

178.   NGSC admits the allegations contained in paragraph 178 to the extent supported by the emails cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 178.

179.   NGSC admits the allegations contained in paragraph 179 to the extent supported by the emails cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 179.

180.   NGSC admits the allegations contained in paragraph 180 to the extent supported by the emails cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 180.

181.   NGSC admits the allegations contained in paragraph 181 to the extent supported by the emails cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 181.

182.   NGSC denies the allegations in paragraph 182.

183.   NGSC denies the allegations in paragraph 183 for lack of knowledge or information sufficient to form a belief as to their truth.

184.   NGSC denies the allegations in paragraph 184 for lack of knowledge or information sufficient to form a belief as to their truth.

185.   NGSC admits the allegations contained in paragraph 185 to the extent supported by the emails cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 185.

186.   NGSC admits the allegations contained in paragraph 186 to the extent supported by the emails cited, which are the best evidence of their contents; NGSC otherwise denies the allegations contained in paragraph 186.

187.   NGSC denies the allegations in paragraph 187.

188.   NGSC denies the allegations in paragraph 188.

189.   NGSC denies the allegations in paragraph 189.

190.   NGSC denies the allegations in paragraph 190.

191.    NGSC denies the allegations in paragraph 191.

192.    The allegations in paragraph 192 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

193.    NGSC admits the allegations contained in paragraph 193 to the extent supported by the

statement of work cited, which is the best evidence of its contents; NGSC otherwise

denies the allegations contained in paragraph 193. Furthermore, paragraph 193 states

legal conclusions to which no response is required.

194.    NGSC admits the allegations contained in paragraph 194 to the extent supported by the

contract cited, which is the best evidence of its contents; NGSC otherwise denies the

allegations contained in paragraph 194. Furthermore, paragraph 194 states legal

conclusions to which no response is required.

195.    NGSC admits the allegations contained in paragraph 195 to the extent supported by the

statement of work cited, which is the best evidence of its contents; NGSC otherwise

denies the allegations contained in paragraph 195. Furthermore, paragraph 195 states

legal conclusions to which no response is required.

196.    NGSC denies the allegations in paragraph 196.

197.    NGSC denies the allegations in paragraph 197.

198.    NGSC denies the allegations in paragraph 198 for lack of knowledge or information

sufficient to form a belief as to their truth.

199.    NGSC denies the allegations in paragraph 199.

200.    NGSC denies the allegations in paragraph 200 for lack of knowledge or information

sufficient to form a belief as to their truth.

201.    NGSC denies the allegations in paragraph 201.

202.   NGSC denies the allegations in paragraph 202.

203.   NGSC denies the allegations in paragraph 203.

204.   NGSC denies the allegations in paragraph 204.

205.   NGSC denies the allegations in paragraph 205.

206.   NGSC denies the allegations in paragraph 206.

207.   NGSC denies the allegations in paragraph 207.

208.   NGSC denies the allegations in paragraph 208.

209.   NGSC denies the allegations in paragraph 209 for lack of knowledge or information sufficient to form a belief as to their truth.

210.   NGSC denies the allegations in paragraph 210 for lack of knowledge or information sufficient to form a belief as to their truth.

211.   NGSC denies the allegations in paragraph 211 for lack of knowledge or information sufficient to form a belief as to their truth.

212.   NGSC denies the allegations in paragraph 212 for lack of knowledge or information sufficient to form a belief as to their truth.

213.   NGSC denies the allegations in paragraph 213 for lack of knowledge or information sufficient to form a belief as to their truth.

214.   NGSC denies the allegations in paragraph 214.

215.   NGSC denies the allegations in paragraph 215.

216.   NGSC's responses to paragraphs 1-215 are repeated and incorporated by reference as though fully set forth herein. NGSC further notes that the First Amended Complaint to which Plaintiff refers in Paragraph 216, and on which Plaintiff bases its claim for entitlement under Count I, was dismissed by the Court on December 13, 2013.

217.   NGSC denies the allegations in paragraph 217.

218.    NGSC denies the allegations in paragraph 218.

219.    NGSC denies the allegations in paragraph 219.

220.    NGSC denies the allegations in paragraph 220.

221.    NGSC denies the allegations in paragraph 221.

222.    The allegations in paragraph 222 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

223.    NGSC's responses to paragraphs 1-222 are repeated and incorporated by reference as though fully set forth herein. NGSC further notes that the First Amended Complaint to which Plaintiff refers in Paragraph 223, and on which Plaintiff bases its claim for entitlement under Count II, was dismissed by the Court on December 13, 2013.

224.    The allegations in paragraph 224 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

225.    The allegations in paragraph 225 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

226.    The allegations in paragraph 226 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

227.    The allegations in paragraph 227 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

228.    The allegations in paragraph 228 constitute conclusions of law, and Plaintiff's
characterization of its case, to which no answer is required; to the extent they may be
deemed allegations of fact, they are denied.

229.    The allegations in paragraph 229 constitute conclusions of law, and Plaintiff's
characterization of its case, to which no answer is required; to the extent they may be
deemed allegations of fact, they are denied.

230.    NGSC's responses to paragraphs 1-229 are repeated and incorporated by reference as
though fully set forth herein. NGSC further notes that the First Amended Complaint to
which Plaintiff refers in Paragraph 230, and on which Plaintiff bases its claim for
entitlement under Count III, was dismissed by the Court on December 13, 2013.

231.    NGSC denies the allegations in paragraph 231.

232.    NGSC denies the allegations in paragraph 232.

233.    NGSC denies the allegations in paragraph 233.

234.    NGSC denies the allegations in paragraph 234.

235.    NGSC denies the allegations in paragraph 235.

236.    The allegations in paragraph 236 constitute conclusions of law, and Plaintiff's
characterization of its case, to which no answer is required; to the extent they may be
deemed allegations of fact, they are denied.

237.    NGSC's responses to paragraphs 1-236 are repeated and incorporated by reference as
though fully set forth herein. NGSC further notes that the First Amended Complaint to
which Plaintiff refers in Paragraph 237, and on which Plaintiff bases its claim for
entitlement under Count IV, was dismissed by the Court on December 13, 2013.

238.    NGSC denies the allegations in paragraph 238.

239.    NGSC denies the allegations in paragraph 239.

240.   NGSC denies the allegations in paragraph 240.

241.   NGSC denies the allegations in paragraph 241.

242.   NGSC denies the allegations in paragraph 242.

243.   The allegations in paragraph 243 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

244.   NGSC's responses to paragraphs 1-243 are repeated and incorporated by reference as

though fully set forth herein. NGSC further notes that the First Amended Complaint to

which Plaintiff refers in Paragraph 244, and on which Plaintiff bases its claim for

entitlement under Count V, was dismissed by the Court on December 13, 2013.

245.   NGSC denies the allegations in paragraph 245.

246.   NGSC denies the allegations in paragraph 246.

247.   NGSC denies the allegations in paragraph 247.

248.   NGSC denies the allegations in paragraph 248.

249.   NGSC denies the allegations in paragraph 249.

250.   The allegations in paragraph 250 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

251.   NGSC's responses to paragraphs 1-250 are repeated and incorporated by reference as

though fully set forth herein. NGSC further notes that the First Amended Complaint to

which Plaintiff refers in Paragraph 251, and on which Plaintiff bases its claim for

entitlement under Count VI, was dismissed by the Court on December 13, 2013.

252.   NGSC denies the allegations in paragraph 252.

253.   NGSC denies the allegations in paragraph 253.

254.    NGSC denies the allegations in paragraph 254.

255.    NGSC denies the allegations in paragraph 255.

256.    NGSC denies the allegations in paragraph 256.

257.    The allegations in paragraph 257 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

258.    NGSC's responses to paragraphs 1-257 are repeated and incorporated by reference as

though fully set forth herein. NGSC further notes that the First Amended Complaint to

which Plaintiff refers in Paragraph 258, and on which Plaintiff bases its claim for

entitlement under Count VII, was dismissed by the Court on December 13, 2013.

259.    NGSC denies the allegations in paragraph 259.

260.    NGSC denies the allegations in paragraph 260.

261.    NGSC denies the allegations in paragraph 261.

262.    NGSC denies the allegations in paragraph 262.

263.    NGSC denies the allegations in paragraph 263.

264.    The allegations in paragraph 264 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

265.    NGSC's responses to paragraphs 1-264 are repeated and incorporated by reference as

though fully set forth herein. NGSC further notes that the First Amended Complaint to

which Plaintiff refers in Paragraph 265, and on which Plaintiff bases its claim for

entitlement under Count VIII, was dismissed by the Court on December 13, 2013.

266.    NGSC denies the allegations in paragraph 266.

267.    NGSC denies the allegations in paragraph 267.

268.   NGSC denies the allegations in paragraph 267.

269.   NGSC denies the allegations in paragraph 269.

270.   NGSC denies the allegations in paragraph 270.

271.   The allegations in paragraph 271 constitute conclusions of law, and Plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

272.   NGSC's responses to paragraphs 1-271 are repeated and incorporated by reference as though fully set forth herein. NGSC further notes that the First Amended Complaint to which Plaintiff refers in Paragraph 272, and on which Plaintiff bases its claim for entitlement under Count IX, was dismissed by the Court on December 13, 2013.

273.   NGSC denies the allegations in paragraph 273 for lack of knowledge or information sufficient to form a belief as to their truth.

274.   NGSC denies the allegations in paragraph 274 for lack of knowledge or information sufficient to form a belief as to their truth.

275.   NGSC denies the allegations in paragraph 275 for lack of knowledge or information sufficient to form a belief as to their truth.

276.   NGSC denies the allegations in paragraph 276 for lack of knowledge or information sufficient to form a belief as to their truth.

277.   NGSC denies the allegations in paragraph 277 for lack of knowledge or information sufficient to form a belief as to their truth.

278.   NGSC denies the allegations in paragraph 278 for lack of knowledge or information sufficient to form a belief as to their truth.

279.   NGSC defendant's responses to paragraphs 1-278 are repeated and incorporated by reference as though fully set forth herein. NGSC further notes that the First Amended

Complaint to which Plaintiff refers in Paragraph 279, and on which Plaintiff bases its

claim for entitlement under Count X, was dismissed by the Court on December 13, 2013.

280.    Denies the allegations in paragraph 280.

281.    Denies the allegations in paragraph 281.

282.    Denies the allegations in paragraph 282.

283.    Denies the allegations in paragraph 283.

284.    Denies the allegations in paragraph 284.

285.    The allegations in paragraph 285 constitute conclusions of law, and Plaintiff's

characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.


NGSC denies that Plaintiff is entitled to the relief set forth in the prayer for relief

immediately following paragraph 285, or to any relief whatsoever. NGSC also denies each and

every allegation not previously admitted or otherwise qualified, including any paragraph heading

that may be construed as containing allegations.


## NGSC'S ADDITIONAL DEFENSES

In addition to the foregoing, and reserving its right without limitation to assert additional

defenses in the future, NGSC asserts the following defenses to the allegations in Plaintiff's

Second Amended Complaint:

1.  Plaintiff has failed to state a claim upon which relief can be granted.

2.  Plaintiff has failed to plead fraud with particularity.

3.  Plaintiff's claims are barred by the statute of limitations.

4.  Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, estoppel, unclean hands, laches and/or waiver.

5.  Plaintiff's claims are barred based on a failure to mitigate damages.

6.  Plaintiff's claims are barred in whole or in part because they have been publicly disclosed.

7.  Plaintiff is not an original source for all or part of his claims.

8.  Plaintiff's claims are barred in whole or in part because Plaintiff did not abide by the sealing provisions of the False Claims Act.

9.  Plaintiff's claims are barred in whole or in part because NGSC did not proximately cause or cause in fact any alleged injury or loss.

10. Plaintiff's claims are barred because NGSC did not act with the requisite intent.


Date: March 7, 2014

Respectfully Submitted,

*/s/ David S. Gallacher*
John W. Chierichella (*Pro Hac Vice*)
Anne B. Perry (*Pro Hac Vice*)
David S. Gallacher (VSB # 46875)
Christopher M. Loveland (*Pro Hac Vice*)
Townsend L. Bourne (VSB # 78304)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1300 I Street, NW, 11th Fl., East
Washington, DC 20005-3314
Tel: (202) 218-0033
Fax: (202) 312-9406
Email: dgallacher@sheppardmullin.com

**Attorneys for Northrop Grumman Systems
Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March 2014, I caused to be filed electronically the foregoing Defendant Northrop Grumman Systems Corporation's Answer To Plaintiff's Second Amended Complaint with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

| | | |
|---|---|---|
| David L. Scher | David W. O'Brien | Peter S. Hyun |
| R. Scott Oswald | Jason Lynch | Alan Gale |
| THE EMPLOYMENT LAW | Andy Liu | Allison Cendali |
| GROUP, P.C. | Victoria Vakhrusheva | U.S. DEPARTMENT OF |
| 888 17th St NW | CROWELL & MORING LLP | JUSTICE |
| Suite 900 | 1001 Pennsylvania Avenue, | peter.hyun@usdoj.gov |
| Washington, DC 20006 | N.W. | |
| dscher@employmentlawgroup.net | Washington, D.C. 20004-2595 | |
| soswald@employmentlawgroup.net | dobrien@crowell.com | |
| | | |
| *Counsel for Plaintiff Beau Michaud* | *Counsel for Defendant MDCI* | *Counsel for the United States* |

I also hereby certify that I will mail the document by U.S. Mail to the following non-filing users:

| | |
|---|---|
| C. Lance Gould | John S. Vento |
| Archie I. Grubb II | Mark D. Kiser |
| W. Daniel Miles | TRENAM KEMKER |
| Roman Ashley Shaul | 101 E. Kennedy Boulevard, |
| Bradley Smelser | Suite 2700 |
| Chad Stewart | Tampa, FL 33602-5150 |
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS & | |
| MILES, P.C. | |
| 218 Commerce Street | |
| Montgomery, AL 36104 | |
| | |
| *Pro Hac Vice* | *Pro Hac Vice* |
| *Counsel for Plaintiff Beau Michaud* | *Counsel for Defendant MDCI* |

/s/ David S. Gallacher
David S. Gallacher (VSB # 46875)